United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** | § § § § § | |
| **Plaintiff,** | § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-179 |
| **MARGUERITE HOSEA,** | § § § § § § § | |
| **Defendant.** | § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion for Default Judgment. ECF No. 11. For the reasons that follow, the Court **DENIES** the Motion.

### I.   BACKGROUND[1]

On January 31, 2006, Defendant Marguerite Hosea acquired property located at 12211 Donegal Way, Houston, Texas 77047 ("Property"). ECF No. 1 at ¶¶ 5, 9. The Property is more specifically described as:

> LOT ONE (1) IN BLOCK FIVE (5), OF CULLEN ESTATES SUBDIVISION, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED AT FIIM CODE NO. 559256 MAP RECORDS OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

---

[1] Given that the clerk has entered default in this case, at this stage, the Court accepts as true all well-pleaded facts in the complaint, except those regarding damages. *See Laerdal Med. Corp. v. Basic Med. Supply, LLC*, No. CV H-16-35, 2016 WL 6436557, at *2 (S.D. Tex. Oct. 31, 2016) (citing *U.S. for Use of M–Co Constr., Inc. v. Shipco Gen.*, Inc., 814 F.2d 1011, 1014 (5th Cir. 1987)); *United States v. $99,350.00, More or Less, in United States Currency*, No. 1:21-CV-96, 2022 WL 432573, at *2 (S.D. Tex. Jan. 25, 2022), *report and recommendation adopted*, No. 1:21-CV-096, 2022 WL 425984 (S.D. Tex. Feb. 11, 2022) (same).

1

*Id.* at ¶ 5. When she acquired the Property, Ms. Hosea borrowed $98,920 from Crevecor Mortgage, Inc. ("Crevecor"), secured by a deed of trust in favor of MERS ("first lien"). *Id.* at ¶ 10; ECF No. 1-3. Additionally, Ms. Hosea borrowed $24,730 from Crevecor, secured by a purchase money security document with MERS as beneficiary and nominee for the lender and the lender's successor and assigns ("second lien"). ECF No. 1 at ¶ 10; ECF No. 1-4. Both security instruments were recorded in the official public records of Harris County, Texas. ECF No. 1-3; ECF No. 1-4.

On December 7, 2020, after Ms. Hosea paid off the second loan, MERS "through clerical or inadvertent mistake," released the first lien, rather than the second. ECF No. 1 at ¶ 11; ECF No. 1-5. Nearly three years later, MERS released the second lien. ECF No. 1 at ¶ 11; ECF No. 1-6. Ms. Hosea has not paid the balance of her first loan. ECF No. 1 at ¶ 12.

MERS filed suit on January 17, 2024, seeking (1) rescission of the mistaken release of the first lien, and (2) a declaratory judgment asserting that the release of the first lien is null and void and that the lien therefore remains in full force and effect. *Id.* at ¶¶ 16–17. MERS personally served Ms. Hosea on March 21, 2024. ECF No. 7. Ms. Hosea did not answer the complaint or file a responsive pleading in the time permitted by Rule 12(a)(1)(B), and, to date, has not entered an appearance. As such, the clerk of this Court entered default against Ms. Hosea on May 2nd, 2024. ECF No. 10. Now, MERS seeks entry of default judgment against Ms. Hosea, pursuant to Federal Rule of Civil Procedure 55(b).

## II. LEGAL STANDARD

In the Fifth Circuit, there are three steps to obtaining a default judgment: (1) default, (2) entry of default, and (3) default judgment. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see also* FED. R. CIV. P. 55(a)-(b).

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*New York Life Ins. Co.*, 84 F.3d at 141. "Before default judgment can be entered, the plaintiff must submit evidence supporting that the defendant has been properly served." *America's Silver Collection, LLC v. Fabulous Fancy's LLC*, No. H-18-3806, 2019 WL 1003352, at *2 (S.D. Tex. Feb. 28, 2019). Without proper service, a district court lacks jurisdiction, and the default judgment is void. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Further, default judgment motions "must be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. Local R. 5.5.

"The defendant's default is not treated 'as an absolute confession' of liability or 'the plaintiff's right to recover.'" *Wells Fargo Bank, N.A. v. Pantalion*, No. CV H-18-4215, 2019 WL 497726, at *3 (S.D. Tex. Feb. 8, 2019) (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, "[b]y defaulting, a defendant 'admits the plaintiff's well-pleaded allegations of fact,'" which means that "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* (quoting *Nishimatsu*, 515 F.2d at 1206). This means that default judgment may be entered if the complaint meets Federal Rule of Civil Procedure 8's pleading standard. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497–98 (5th Cir. 2015). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Default judgments are a "drastic remedy, not favored by the Federal Rules and resorted to by courts in only extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). The entry of default judgment is committed to the discretion of the district judge. *Id.* (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

Under Rule 55(b)(2), a court may hold an evidentiary hearing if it needs to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2). A hearing is unnecessary if the court finds it can rely on affidavits and other evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary here.

### III. ANALYSIS

To resolve Plaintiff's Motion for Default Judgment, the Court must determine: (1) whether a default judgment is procedurally warranted; (2) whether the Complaint can support a default judgment; and (3) what form of relief, if any, is appropriate. *See, e.g.*, *U.S. Bank Tr., N.A. v. Salgado*, No. EP-20-CV-212, 2021 U.S. Dist. LEXIS 23258, at *9 (W.D. Tex. 2021).

First, the Court finds that MERS meets the procedural requirements for issuance of a default judgment. Defendant has been properly served and has failed to file an answer or otherwise respond to Plaintiff's complaint. ECF No. 7. And Plaintiff's counsel certified that Defendant was properly served with the Motion for Default Judgment. *See* ECF No. 11 at 8.

However, the Court is not confident that the Complaint can support an entry of default judgment. In general, recission of a contract must be based on a mutual, not a unilateral, mistake. *Cigna Ins. Co. of Tex. v. Rubalcada*, 960 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1998, no pet.). However, in Texas, courts may rescind a contract based on a unilateral mistake— as MERS has asked the Court to do in this case—where "(1) the mistake is of so great a consequence that to enforce the contract would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake occurred despite ordinary care; and (4) the parties can be placed in status quo, i.e., the rescission must not prejudice the other party except for the loss of the bargain." *U.S. Bank Tr., N.A. v. Salgado*, No. EP-20-CV-212-PRM, 2021 U.S. Dist. LEXIS 23258, at *12 (W.D. Tex. 2021) (quoting *Ledig v. Duke Energy Corp.*, 193 S.W.3d 167, 175 (Tex. App. 2006)). The *Salgado* court's reasoning is instructive here, as it also involved the mistaken release of a mortgage lien. *Id.* at *3.

### A. Unconscionability

To assess this first prong, the Court considers whether the effect of the release "is of so great a consequence that to enforce the [release] as made would be unconscionable." *Flores v. Medline Indus., Inc.*, No. 13-14-00436-CV, 2015 Tex. App. LEXIS 12719, at *19 (Tex. App. Dec. 17, 2015). Here, as in *Salgado*, the Court finds that allowing the release to stand would be unconscionable. 2021 U.S. Dist. LEXIS 23258 at *13. Ms. Hosea did not provide MERS any consideration for the "windfall" of being relieved of her promise to pay $98,920. *See id.* at *14–*15.

### B. Materiality

A mistake is material where it "involve[s] the subject matter of the contract and the substance thereof" rather than "merely a collateral matter." *A.L.G. Enterprises v. Huffman*, 660 S.W.2d 603, 606 (Tex. App. 1983), *aff'd as reformed sub nom. A.L.G. Enterprises, Inc. v. Huffman*, 672 S.W.2d 230 (Tex. 1984). MERS's mistake in this case is clearly material, as it directly relates to Ms. Hosea's promise to repay $98,920 over 360 months and MERS's security interest in the property. *See Salgado*, 2021 U.S. Dist. LEXIS 23258 at *15–*16.

### C. Ordinary Care and Status Quo

The next issue is whether MERS's mistake occurred despite the use of ordinary care. MERS contends, without elaboration, that its mistake was due to "clerical mistake or inadvertent error." ECF No. 1 at ¶¶ 10–12, 16. As in *Salgado*, "given the sparse details regarding this issue, the Court is unable to find that the Release was filed despite the use of ordinary care." 2021 U.S. Dist. LEXIS 23258 at *17.

However, Texas courts recognize an exception to the "ordinary care" prong. *Id.* (citing *Hayes v. E.T.S. Enters., Inc.*, 809 S.W.2d 652, 659 (Tex. App. 1991)). This exception allows for

6

rescission where the effect of the rescission would be to "restore both parties to the status quo ex-ante without prejudice to either side." *Id.* at *18. As such, recission is permitted even where a mistake was not made in the exercise of ordinary case where the culpable party can demonstrate that (1) the cancellation would not offend the rights of an innocent party and (2) another party has not acted in good faith and in innocent reliance in making a positional alteration that could not be reversed without significant prejudice. *Hayes*, 809 S.W.2d at 659.

The *Salgado* court concluded that the equities weighed in favor of applying this exception because (1) Plaintiff alleged that it had performed its contractual obligations; (2) there was "no indication that rescission would prejudice Defendants" because they continued to make monthly mortgage payments following the rescission; and (3) it was the mistake of a third party, not Plaintiff itself, that resulted in the release. 2021 U.S. Dist. LEXIS 23258 at *19–*20.

The factual differences between this case and *Salgado* lead this Court to reach a different conclusion than the *Salgado* court. It appears from MERS's complaint that Ms. Hosea did not continue making periodic payments following the release of the first lien. *See* ECF No. 1 at ¶ 12. And it was MERS's own mistake that resulted in the release. While giving effect to the release would undoubtedly harm MERS, as it would excuse Ms. Hosea from her obligation to pay $98,920, this harm is the result of MERS's own mistake that apparently went unnoticed for over three years. On the other hand, rescission would harm Ms. Hosea, who presumably has acted in reliance of the 2020 release of her obligation to repay the loan. The Court concludes that the exception to the "ordinary care" prong does not apply. Thus, the Court need not reach the "status quo" prong.

While denial of default judgment in this case may seem a harsh result, it is important to keep in mind that entry of default judgment is generally disfavored, *Sun Bank*, 874 F.2d at 276,

7

and that MERS's Motion essentially asks the Court to apply an exception to an exception (i.e., recission based on unilateral mistake, where the mistake occurred outside of the course of ordinary care). Particularly given the risk of prejudice to Ms. Hosea, and the fact that the mistake was MERS's own, and lay undiscovered for over three years, the Court concludes that MERS has not satisfied the four prongs warranting rescission in this case. Accordingly, default judgment is inappropriate at this juncture. The Court may later elect to enter default judgment if MERS can produce additional evidence indicating that its mistake occurred despite ordinary care, that Ms. Hosea has not acted in reliance of the mistake, and/or that Ms. Hosea would not suffer prejudice except for the loss of the bargain.

## IV.   CONCLUSION

For the forgoing reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of July, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE